[L. A. No. 9663. Department Two.—December 24, 1927.]

In re Estate of GEORGE W. STRAWN, a Missing Person. GEORGE W. STRAWN, Appellant, v. LOU A. STRAWN, Respondent.

[1] APPEAL—TRUSTEE FOR MISSING PERSON—ORDER SETTLING ACCOUNT —FRIVOLOUS APPEAL.—Upon this appeal from an order settling the account of the trustee of a missing person, it is held that the only point of the appellant having any semblance of reason, to wit, that the final account of the trustee fastens a lien upon his real estate to the extent of the sum found to be due the trustee, is without foundation and that the appeal is frivolous.

(1) 15 **C. J.**, p. 281, n. 9.

APPEAL from an order of the Superior Court of Los Angeles County. Sidney N. Reeve, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. C. Noleman for Appellant.

J. R. Wilder for Respondent.

RICHARDS, J.—This is an appeal from an order of the superior court of the county of Los Angeles made and entered under the provisions of section 1822 of the Code of Civil Procedure, which relate to the appointment of a trustee for the estate of a missing person in order that the property of such person may be given proper care and attention. The appellant disappeared while living in the county of Los Angeles some time in the year 1923, his whereabouts being

unknown. He therefore came within the proper description of a missing person; whereupon one Lou A. Strawn, alleging herself to be his wife, applied to said court under the provisions of the foregoing section of the code for the appointment of herself as trustee of the estate of George W. Strawn, an alleged missing person. After such notice as the provisions of the code directed and the court ordered, a hearing was had, whereupon said Lou A. Strawn was appointed trustee of the estate of said missing person. Three years later George W. Strawn re-appeared and presented in said court and matter an affidavit setting forth that said Lou A. Strawn, as such trustee, had upon her appointment taken over certain personal property of the affiant of the proximate value of $400 and also assumed control over a certain described plot of real estate; and asked that a citation issue against the said Lou A. Strawn, as such trustee, to show cause why she had not made an account or report to the court, and that upon making such account and report she deliver to affiant said personal property, and that her trusteeship should be terminated. The court issued such citation, whereupon the trustee responded by rendering a detailed account of her trusteeship, which showed that there was due to said trustee, in excess of the sum received by her, the sum of $1,414, which said account she prayed might be approved and the amount due thereon declared a lien upon the property of the affiant. Thereupon George W. Strawn filed his objections and exceptions to said account, in the course of which he alleged that the said trustee and he were not husband and wife, and that the former was not, therefore, entitled to charge the items in her said account expended for her support against his estate. Upon the filing of said exceptions the court set the matter of said account and the exceptions thereto down for hearing upon a particular day and directed the proper notices thereof to be given, and thereafter and on the day fixed for the hearing thereon proceeded to hear the same. The appellant herein, though properly notified, did not appear at said hearing, but nevertheless the court proceeded to hear the evidence offered on behalf of said trustee thereon, and after so doing made and entered its order settling the final account of the trustee as being in all respects approved, allowed, and settled as rendered. The court also in its said order expressly overruled the exceptions filed to said account.

It is from the order of the trial court thus made that this appeal is taken, the only record on appeal being the clerk's transcript. [1] It is evident from an examination of this record that this is an utterly frivolous appeal. The only possible contention which the appellant presents as having any semblance of reason is that the court in its order settling the final account of the trustee fastens a lien upon his real estate to the extent of the sum found to be due the trustee; but an inspection of the order of the trial court made in settling said account shows that no such action was taken, and that the entire scope of the court's order amounted to nothing more than a mere approval of said account. It follows that the only point made by the appellant upon this appeal is entirely unjustified by the state of the record before us. This appeal being thus shown to be frivolous and evidently taken for the purpose of delaying and harassing the respondent, it is hereby ordered that the judgment is affirmed, with directions to the trial court to enter a judgment in favor of respondent and against appellant for the sum of $100 and costs of appeal.

Shenk, J., and Langdon, J., concurred.